UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-238-FDW

| | |
|---|---|
| LARRY BRANDON MOORE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>GEORGE T. SOLOMON, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), filed pursuant to 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2); 1915A. Also pending are Plaintiff's Motion for Appointment of Counsel and Motion for Order for Injunction, (Doc. No. 3), and Plaintiff's Motion for Preliminary Injunction, and Motion for Temporary Restraining Order, (Doc. No. 4). On July 18, 2016, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 6). Thus, Plaintiff is proceeding in forma pauperis.

**I.    BACKGROUND**

Pro se Plaintiff Larry Moore is a North Carolina state court prisoner currently incarcerated at Avery/Mitchell Correctional Center in Spruce Pine, North Carolina. Plaintiff filed this action on July 12, 2016, pursuant to 42 U.S.C. § 1983, naming the following persons as Defendants: (1) George Solomon, identified as the Director of the North Carolina Department of Public Safety ("NCDPS") at all relevant times; (2) Monica Bond, identified as the Chief Disciplinary Officer of NCDPS at all relevant times; (3) Peck Taylor, identified as the Assistant

1

Superintendent of Custody and Operations at Avery/Mitchell at all relevant times; (4) Randy Mull, identified as the disciplinary hearing officer who presided over Plaintiff's initial disciplinary hearing; and (5) FNU Woodring, identified as the Inmate Work Supervisor at Avery/Mitchell at all relevant times.

Plaintiff alleges that on January 15, 2015, Defendant Woodring told Plaintiff, under threat of discipline, to sign documents accepting a work assignment to road squad. (Doc. No. 1 at 3). Plaintiff refused to sign the documents, but Defendant Woodring still assigned Plaintiff to the road squad position. (Id. at 4). On February 23, 2016, Plaintiff was placed in segregation for refusing to work. (Id.). Plaintiff was then charged with a "C06 infraction."[1] (Id.). On March 1, 2016, Plaintiff appeared at a disciplinary hearing before Defendant Mull. (Id. at 5). At the hearing, Plaintiff argued that, by assigning Plaintiff to work duty against his will, Defendant Woodring had violated Plaintiff's rights under Amendment 13 of the U.S. Constitution, Article I Section 17 of the North Carolina Constitution, and Plaintiff's plea agreement with the State of North Carolina. (Id.).

Plaintiff alleges that Defendant Mull found Plaintiff guilty without addressing Plaintiff's claims, thus violating Plaintiff's due process rights. (Id.). Plaintiff appealed the decision to Defendant Solomon. (Id. at 6). On March 22, 2016, Defendant Taylor issued a response. (Id.). On April 4, 2016, Defendant Bond denied Plaintiff's appeal without addressing Plaintiff's claims. (Id.). On May 8, 2016, the Avery Unit Sergeant and Lieutenant Masters informed Plaintiff that he had again been assigned to road squad. (Id.). On May 10, 2016, Plaintiff was dispatched to a road squad work detail, despite his protests. (Id.).

---

[1] Plaintiff does not indicate what the C06 infraction charge specifically stated, but the Court presumes it was a charge of failing to obey an order.

Based on the above allegations, Plaintiff alleges that Defendants violated his right to be free from slavery and forced servitude under Articles 3 and 4 of the Universal Declaration of Human Rights, Amendment 13 of the U.S. Constitution, and Article I Section 17 of the North Carolina Constitution. (Id. at 7). Plaintiff also alleges that Defendants violated and breached the terms of his plea agreement contract with the State of North Carolina. Plaintiff also contends that Defendants violated his due process rights. For relief, Plaintiff seeks declaratory and injunctive relief, as well as compensatory damages.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, 28 U.S.C. § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

Prisoners retain rights under the Due Process Clause, but prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citing Morrissey v. Brewer, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where an inmate faces the possible loss of diminution credits or solitary confinement, he is entitled to certain due process protections. These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker. See Wolff, 418 U.S. at 564-71. There is no constitutional right to confront and cross-examine witnesses or to retain and be appointed counsel. See Baxter v. Palmigiano, 425 U.S. 308, 322 (1976); Brown v. Braxton, 373 F.3d 501, 505-06 (4th Cir. 2004). As long as the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied. See Baxter, 425 U.S. at 323 n.5. Moreover, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." Superintendent, Mass. Correctional Institute v. Hill, 472 U.S. 445, 455 (1985). Federal courts do not review the correctness of a disciplinary hearing officer's findings of fact. See Kelly v. Cooper, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious. See Hill, 472 U.S. at 456; see also Baker v. Lyles, 904 F.2d 925, 933 (4th Cir. 1990). As long as there is some evidence in the record to

support a disciplinary committee's factual findings, a federal court will not review their accuracy.

Here, the Court first finds that, to the extent that Plaintiff is challenging the disciplinary proceedings against him based on his refusal to perform a work duty assignment, Plaintiff has not shown a due process violation under <u>Wolff,</u> as he has neither alleged that he lost good-time credits or that he was subjected to solitary confinement as a result of the disciplinary proceeding and resulting conviction against him. Furthermore, although it is clear that Plaintiff takes issue with the outcome of the disciplinary hearing, he admits and alleges that he was afforded a full disciplinary hearing. Plaintiff has simply not stated a claim for a due process violation arising out of the disciplinary proceedings against him.

Moreover, to the extent that Plaintiff alleges that his assignment to work detail while in prison violated Amendment 13 of the U.S. Constitution and other laws, this claim is without merit. Amendment Thirteen of the U.S. Constitution provides, "Neither slavery nor involuntary servitude, <u>except as punishment for crime whereof the party shall have been duly convicted</u>, shall exist within the United States, or any place subject to their jurisdiction."[2] U.S. CONST. amend. XIII (emphasis added). By its plain language, the Thirteenth Amendment does not apply to a convicted criminal. Thus, contrary to Plaintiff's argument, prison inmates can be required to work without violating the Constitution. See <u>Qawiyy v. Johnson</u>, No. 7:13-cv-351, 2013 WL 4202653, at *2 (W.D. Va. Aug. 15, 2013) ("Plaintiff first argues that [defendant] violated the Thirteenth Amendment by making him work in the kitchen for longer than the educational

---

[2] Article 1, Section 17 of the North Carolina constitution contains similar language, prohibiting involuntary servitude but making an exception for punishment for a crime where the parties have been adjudged guilty.

5

program mandates. The Thirteenth Amendment permits the involuntary servitude of a prisoner, like Plaintiff, who was convicted of a crime, and thus, this claim pursues an indisputably meritless legal theory."); Newell v. Davis, 563 F.2d 123, 124 (4th Cir. 1977) (stating claim by prisoner under the Thirteenth Amendment was "obviously without merit"). Furthermore, the Thirteenth Amendment permits involuntary servitude without pay as punishment after conviction of a crime. Ali v. Johnson, 259 F.3d 317, 318 (5th Cir. 2001); McLaughlin v. Royster, 346 F. Supp. 297, 311 (D.C. Va. 1972) ("Prisoners validly convicted may be forced to perform work, whether or not compensated."). In other words, forcing inmates to work without pay does not violate the Thirteenth Amendment. Although courts have sometimes found the existence of extreme circumstances that warrant judicial intervention, such as where a plaintiff shows that he is physically or medically unable to work, Plaintiff has alleged no such circumstance here. See Lewis v. Lynn, 236 F.3d 766, 767-68 (5th Cir. 2001) (where an asthmatic inmate was forced to work in field after medical staff determined he was capable). Thus, Plaintiff's claim that Defendants violated his Thirteenth Amendment and other federal and/or constitutional rights by assigning him to work detail is wholly without merit.[3]

In sum, for the reasons stated herein, Plaintiff's Complaint is dismissed for failure to state a claim.[4]

---

[3] As to his claim of a violation of the Universal Declaration of Human Rights, the Declaration of Human Rights does not create a private right of action. See Sosa v. Alvarez-Machain, 542 U.S. 692, 734 (2004) (noting that "the Declaration does not of its own force impose obligations as a matter of international law"); Minford v. Berks Cnty. Inc., 14-MC-224, 2014 WL 6969600, at *4 (E.D. Pa. Dec. 9, 2014) ("[T]he Universal Declaration of Human Rights as adopted by the United Nations is a 'non-binding declaration that provides no private rights of action.'").

[4] To the extent that a finding in Plaintiff's favor in this action would invalidate the outcome of his underlying disciplinary hearing, his claims also appear to be subject to dismissal as barred by Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997). In Heck, the Supreme Court held that a plaintiff may not bring an action pursuant to § 1983 for an

## IV. CONCLUSION

For the reasons stated herein, this action is dismissed for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint is dismissed.

2. The Clerk shall terminate this action.

3. Plaintiff's Motion for Appointment of Counsel and Motion for Order for Injunction, (Doc. No. 3), and Plaintiff's Motion for Preliminary Injunction, and Motion for Temporary Restraining Order, (Doc. No. 4), are **DENIED** as moot.

Signed: October 25, 2016

Frank D. Whitney
Chief United States District Judge

---

"allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first having that conviction or sentence reversed, overturned, expunged, or otherwise called into question. In Edwards, the Supreme Court specifically extended Heck to the context of inmate disciplinary convictions, holding that Heck precludes a § 1983 claim in a prison disciplinary hearing which has not been previously invalidated, where the challenge would necessarily imply the invalidity of the deprivation of good-time credits.